**IN THE COURT OF APPEALS OF IOWA**

No. 21-1830
Filed February 8, 2023

**IN RE THE MARRIAGE OF JUSTIN PAUL SULZNER
AND TERRI LEIGH SULZNER**

**Upon the Petition of
JUSTIN PAUL SULZNER,**
        Petitioner-Appellant,

**And Concerning
TERRI LEIGH SULZNER,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Fayette County, Laura Parrish,

Judge.

A former husband appeals the denial of his motion to hold the former wife

in contempt. **AFFIRMED.**

Justin P. Sulzner, Cedar Rapids, self-represented appellant.

Benjamin M. Lange of Swisher & Cohrt, P.L.C., Independence, for appellee.

Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**TABOR, Presiding Judge.**

Justin Sulzer appeals the district court's denial of his application to hold his former spouse, Terri, in contempt for violating their dissolution decree. We find no abuse of discretion in the court's decision and affirm.

Justin and Terri ended their twenty-nine year marriage in January 2020. They filed a stipulation, and the court issued a decree adopting all its provisions. Several days after the court filed the decree, it added an amendment specifying that Justin could go to the marital home, then occupied by Terri, on a single occasion to clean his possessions out of the basement.

Justin applied for contempt that February, which the district court denied. Our court affirmed. *See In re Marriage of Sulzner*, No. 20-0218, 2021 WL 210761, at *1 (Iowa Ct. App. Jan. 21, 2021).

In May 2021,[1] Justin filed a new application for rule to show cause to hold Terri in contempt for various alleged violations of the decree. The court held a hearing and issued a ruling denying the application. Justin appeals.[2]

We review a contempt action for an abuse of discretion. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). Justin has the burden to prove—beyond a reasonable doubt—that Terri willfully failed to perform a duty of the decree. *See Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998) ("The party requesting the contempt finding has the burden of proving that the contemner (1)

---

[1] The district court noted that Justin filed six motions alleging Terri's failures to comply with the dissolution decree. It determined the motions were better dealt with as a contempt action. Justin refiled his motions as an application for contempt.
[2] During this appeal, Justin has filed several motions. The supreme court and our court have denied each of them.

had a duty to obey a court order, and (2) willfully failed to perform that duty."). Willful disobedience means "conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *Id.* (citation omitted). Because of its discretionary nature, the trial court need not hold a party in contempt even if it could find a factual basis for contempt. *See In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995). The court "may consider all the circumstances . . . in deciding whether to impose punishment for contempt." *Id.* We will reverse only if the court "grossly abused" its discretion. *Id.* (citation omitted).

Justin contends Terri willfully violated several provisions of the decree.

**Taxes.** The decree provided that because the parties "anticipate their divorce shall conclude prior to December 31, 2019, . . . each shall file 2019 income tax returns claiming single status." Each party was awarded its own tax refund. The decree further provided, "In the event the parties remain married after December 31, 2019 . . . [f]or 2019 income tax year, the parties shall file returns showing them as [m]arried, filing jointly." If filed jointly, the parties were each awarded an equal share of any refund. Justin first contends that Terri failed to file jointly in violation of the decree. The district court found Terri filed her 2019 tax return in "married filing separately" status. Still, it didn't hold her in contempt because she "undertook her best efforts to comply with the requirement," and Justin's "unwillingness to settle on a final return was the cause of [her] ultimately filing separately." Thus, it found she did not "knowingly and willfully violate the decree."

Terri testified that she tried to file the couple's taxes through their usual tax preparer, Lans Flickinger. Justin was unhappy with the paperwork and sought a new preparer. In April 2020, Flickinger sent a letter to Terri's attorney stating that Justin rejected three drafts of the tax return and requested changes Flickinger did not think were legitimate. Flickinger notified Justin he could not complete the tax return on his behalf. Justin then left a threatening message on Flickinger's answering machine. Flickinger called the police department. And he withdrew from preparing either party's tax return. Terri found a new tax preparer and filed her taxes as married filing separately. We agree with the court's conclusion that Terri made best efforts to comply with the decree and that Justin's intransigence forced her to seek a new preparer and file separately. The circumstances do not show she acted with a bad or evil purpose. We find no gross abuse of discretion in the court's decision not to hold Terri in contempt on this ground.

**Precious Metals.** The decree awarded all the parties' silver and gold coins and bullion to Justin. Justin contends Terri violated the decree by delivering those precious metals to his former attorney. The metals are valued at $46,940. Justin seeks a writ of mandamus for Terri to pay him that amount.

Any confusion stems from Justin's change of attorney one week after the decree issued. Justin was originally represented by attorney David Hanson, who withdrew on January 15, 2020, at Justin's request. Two days later, Terri's attorney emailed Justin's new counsel, Laura Moon, offering to transfer the metals to Hanson's office. Moon responded that it was "reasonable to send everything to [Hanson] given the circumstances." She said, "I have no objections." Terri testified

she took all the metals to Hanson's office that same day. The district court credited that testimony.

But on appeal, Justin argues that Terri should "pick up her questionable metal assets sitting in Mr. Hanson's office" and deliver him a check for the value of the metal, minus the appreciation value.

We defer to the district court's credibility finding that Terri delivered the metals to Hanson's office as instructed by Moon. It is unclear what Justin finds "questionable," but he seems to agree that the assets are there to pick up. We cannot, as Justin seems to request, rewrite the decree in a contempt proceeding. Terri did what the decree requested of her, as instructed by Justin's representatives. Because Terri did not willfully fail to turn the metals over to Justin, we find no abuse of discretion.

**Bank Accounts.** The decree awarded Justin the funds from his personal checking account and half of the couple's shared account, about $121. In total, those amounts were $469. Justin contends Terri has not produced a check showing the $121 was paid to him. But the record shows Justin wrote a check for $236.70 from the shared account to his own Wells Fargo account, with a memo of "transfer." Justin contends that exhibit was "altered" but does not specify how. He also produced a note showing the check was "returned unpaid." So what we have is evidence showing that Justin sought to transfer over half of the money from the shared account. Against no evidence showing that Terri denied the funds to Justin. On this limited record, we cannot find the court grossly abused its discretion in refusing to hold Terri in contempt.

**Personal Items.** The decree also awarded Justin all the tools and miscellaneous personal property belonging to him from the basement of the marital home. And it granted a reasonable time for him to retrieve that property from the basement. Justin contends certain items were moved from the basement to the garage, and asks that Terri be ordered to pay over $5000 for those uncollected assets. To the contrary, Terri testified Justin had ample opportunity to collect his personal items. Looking at Justin's list, she testified he picked up some items, some were business assets awarded to her, and some she did not know they owned. She also testified some property "disappeared" on December 1, 2019, when Justin "broke into the marital home" when Terri was away. Terri further testified she never sought to prevent Justin from removing his personal property. When Justin did come to the house, she let him "take any of the items that he wanted to take" and "nothing was refused" if he asked to take it. On this record, we see no willful refusal to follow the terms of the decree. Thus, we find no gross abuse of discretion.

**Marital Home.** Finally, the decree ordered sale of the marital home but allowed Terri "to occupy that real estate for six months" after entry of the decree, "or up to the date of closing occurring during 2020, whichever is later." But the property did not sell during 2020. So, according to Justin, Terri occupied that property longer than the decree allowed. He now asks that any further occupation of the marital home before its sale be rotated between them every thirty months.

We decline that remedy. As the district court held, there was "no indication, certainly not evidence beyond a reasonable doubt, that [Terri] has interfered with or is otherwise at fault for the failure of the real estate to sell as quickly as the

parties anticipated." Indeed, the parties listed the home through Justin's preferred agent. The home did not sell in 2020, and was relisted in May 2021 with more interest from potential buyers. Nothing in the record points to a willful failure by Terri to sell the house. We find no abuse of discretion in the court's conclusion.

Bottom line, Justin cannot show a gross abuse of discretion in any of the court's findings. Denial of his application for contempt was proper.

**AFFIRMED.**